NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-976

CHARLES TAYLOR & another[1]

vs.

NEW HEIGHTS BUILDERS OF MA, LLC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial, the plaintiff homeowners, Charles and Marcia Taylor, obtained an amended judgment under G. L. c. 93A against the defendant, New Heights Builders of MA, in the amount of $214,429.08.  On appeal, the defendant challenges the sufficiency of the evidence and further contends that it cannot be liable under chapter 93A in the absence of willful and knowing conduct.  We affirm.

The defendant conceded at oral argument that it did not raise these challenges at trial in either a motion for a directed verdict or as an objection to jury instructions.  "The

_____

[1] Marcia Taylor.

means to test the sufficiency of the evidence at a civil jury trial is by motion for directed verdict, and not, for the first time, on appeal."  McHoul, petitioner, 445 Mass. 143, 157 (2005).  See Mass. R. Civ. P. 50 (a), 365 Mass. 814 (1974) (motion for directed verdict must be made at close of evidence offered by opponent or close of all evidence and "shall state the specific grounds therefor").  Similarly, before challenging a jury instruction on appeal, a party must first "clearly bring the objection and the grounds for it to the attention of the judge" during the trial.  Rotkiewicz v. Sadowsky, 431 Mass. 748, 751 (2000).  See Mass. R. Civ. P. 51 (b), 365 Mass. 816 (1974) ("[n]o party may assign as error the giving or failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection").  "The consequence of the failure properly to object at trial is to waive the issue on appeal."  Hoffman v. Houghton Chem. Corp., 434 Mass. 624, 639 (2001).  Because the defendant did not raise the present claims during the trial as required, we do not consider them for the first time on appeal.

We disagree with the defendant's contention that the filing of a motion to alter or amend the judgment "adequately preserved the basis for the appeal."  Procedural rules require timely objections not as some kind of empty formality, but as a

2

mechanism to allow trial judges to correct errors in a fair and expeditious manner. Here, the defendant did not timely contest the sufficiency of the evidence at issue or the jury instructions. Indeed, counsel for the defendant expressed agreement, as he put it, with the "standard" jury instructions for "a pretty standard case." We recognize, however, that complicated trials with multiple parties, claims, and defenses, "might derail even a lawyer of competence and sophistication" from immediately appreciating the consequences of an error, Hatton v. Meade, 23 Mass. App. Ct. 356, 362 (1987), especially in cases where a jury answers a series of questions on a special verdict. To the extent the defendant contends that it was not cognizant of an error until the jury returned the special verdict, the rule is the same. "Where, as here, a jury returns a special verdict, an objection that verdicts on several counts are inconsistent with each other must be taken at the time when the verdicts are returned and before they are recorded, so that the trial judge has an opportunity to correct the error if there is one." Netherwood v. American Fed'n of State, County & Mun. Employees, Local 1725, 53 Mass. App. Ct. 11, 21 n.11 (2001). The record before us does not indicate any timely objection to the special verdict.

Finally, we discern no "manifest injustice" resulting from the waived claims. Rotkiewicz, 431 Mass. at 752 n.3; Hatton, 23

3

Mass. App. Ct. at 362. This appeal is premised on the contention that there cannot be liability under G. L. c. 93A in the absence of a defendant's "willful and knowing" conduct. We disagree with this contention. Although the jury here, answering a special question, concluded that the defendant did not engage in willful or knowing conduct, liability under G. L. c. 93A, §§ 2 (a) and 9, does not require such proof and is limited to four elements: "first, that the defendant has committed an unfair or deceptive act or practice; second, that the unfair or deceptive act or practice occurred 'in the conduct of any trade or commerce'; third, that the plaintiff suffered an injury; and fourth, that the defendant's unfair or deceptive conduct was a cause of the injury" (citation omitted). Rafferty v. Merck & Co., 479 Mass. 141, 161 (2018). If a plaintiff additionally proves that a defendant engaged in "willful or knowing" conduct, see G. L. c. 93A, § 9 (3), then double or treble damages become available. The jury did not so find, and the judge did not assess multiple damages.

4

The plaintiffs' request in their brief for attorney's fees is denied.

Amended judgment affirmed.

By the Court (Meade, Walsh & Hodgens, JJ.[2]),

*Paul Little*

Clerk

Entered: October 2, 2025.

---

[2] The panelists are listed in order of seniority.